UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DELIA HERNANDEZ DUQUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-00231-SEB-KMB |
| ) | |
| SCOTTY MAPLES, ) | |
| KRISTI NOEM, ) | |
| PAMELA BONDI, ) | |
| SAMUEL OLSON, ) | |
| TODD LYONS, ) | |
| ) | |
| Respondents. ) | |

## ORDER GRANTING MOTION TO ENFORCE COURT ORDER
## AND DIRECTING IMMEDIATE RELEASE

Habeas Petitioner Delia Hernandez Duque ("Petitioner") is an alien who has been subject to a final order of removal since 2016. Since 2016, she has lived in the United States subject to an order of supervision ("OSUP") issued by U.S. Immigration and Customs Enforcement ("ICE"). In November 2025, Petitioner was arrested by ICE agents, and she remains detained at the Clark County Jail in Jeffersonville, Indiana, at ICE's direction.

Petitioner filed a petition for a writ of habeas corpus seeking immediate release from detention based on the government's failure to abide by its own process for revoking her OSUP. On January 6, 2026, the Court granted Petitioner's petition insofar as:

> Respondents, by no later than 5:00 p.m. on January 8, 2026, must file documentation with the Court showing that an expressly authorized official pursuant to 8 C.F.R. § 241.4(l)(2) has taken the necessary steps to revoke Petitioner's OSUP, or if Respondents are unable to take such action in the allotted timeframe to release Petitioner from detention, subject to her most recent order (and conditions) of supervision.

Dkt. 28 at 10.

1

The Respondents responded to the Court's order by certifying that,

> [A]n official expressly authorized under 8 C.F.R. § 241.4 has revoked Petitioner's order of supervision according to the process contained in that regulation. Additionally, on January 7, 2026, the federal Defendants afforded Petitioner with an informal interview with the opportunity to respond to the reasons for revocation of supervision[.]

Dkt. 29 at 1. Respondents attached a "Notice of Revocation of Release," signed by "Erik S. Weiss," who is designated as the "Acting Field Office Director." Dkt. 29-1. Respondents represent that these documents demonstrate compliance with the Court's order and properly revoke Petitioner's OSUP.

Pending before the Court is Petitioner's Motion to Enforce the January 6 Court Order. Petitioner argues that (1) there is no evidence that Erik Weiss has authority to revoke her OSUP; (2) the Notice of Revocation is deficient; and (3) her informal interview was deficient because she did not have an interpreter. Dkt. 31. For the reasons explained below, the Court **GRANTS** Petitioner's motion, dkt. [31], and **orders Respondents to release Petitioner within 48 hours of this Order**.

## I. Regulatory Requirements

The Court ordered the respondents to document that they properly revoked Petitioner's OSUP pursuant to 8 C.F.R. § 241.4(l)(2).[1]

Section 241.4(l)(2) governs discretionary revocation of release for reasons other than violation of conditions of release. It differs from § 241.4(l)(1) in that it specifically identifies who may revoke release and on what basis.

Section 241.4(1)(2) grants discretion to revoke release to an Executive Associate Commissioner or, in more limited circumstances, to a District Director. The District Director may

---

[1] Neither party argues that Petitioner violated the conditions of her OSUP. Therefore, the Court did not address § 241.4(l)(1).

act only if, in his or her opinion, "revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner."

Section 241.4(l)(2) specifies that either official may revoke release only if, in the official's opinion:

(i) The purposes of release have been served;

(ii) The alien violates any condition of release;

(iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

(iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

## II. Notice of Revocation of Release

On January 7, 2026, Respondents served Petitioner with a "Notice of Revocation of Release." Dkt. 29-1. This document is signed by "Acting Field Office Director" Erik S. Weiss. *Id.* The material part of the document states:

> This letter is to inform you that your order of supervision has been revoked, and you will be detained in the custody of [ICE] at this time. This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case . . .
>
> Based on the above, and pursuant to 8 C.F.R. § 241.4 / 8 C.F.R. § 241.13, the Field Office Director (formerly district director), having determined that revocation is in the public interest to ensure community safety, national security, and to uphold the integrity of the nation's immigration system, has determined that immediate revocation is the most appropriate course of action. Given these circumstances, referral of this case to the Executive Associate Commissioner is not reasonably permitted at this time. Accordingly, you are to remain in ICE custody pending further review.
>
> You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. You may submit any evidence or information you wish to be reviewed in support of your release. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months of the date of this notice.

3

*Id.*

Petitioner's argument that the substance of the revocation is deficient is not entirely convincing. Even though the revocation does not quote the regulation verbatim, it clearly states that the decision to revoke was based on "changed circumstances," which aligns with § 241.4(l)(2)(iv). Furthermore, the revocation states the basis for the "District Director" [Field Office Director]'s action as based in the "public interest." It also says that circumstances do not permit referral to the Executive Associate Commissioner, which aligns with the regulation's criteria for allowing the District Director to revoke OSUP at his or her discretion.

Nevertheless, Petitioner correctly points out that Respondents do not indicate how or why Erik Weiss became the "Acting Field Office Director" and whether that designation garners the same authority as the "Field Office Director." Petitioner also cites public news articles showing that, at least in August of 2025, Mr. Weiss was an "acting *Deputy* Field Office Director" in the Washington, D.C. area. *See* dkt. 31-1 (emphasis added). News articles show that Samuel Olson is the Field Office Director for Chicago. *See* dkt. 31-2. Furthermore, ICE does not appear to have a public facing roster of directors.

Though Respondents do not provide any explanation, 8 C.F.R. § 1.2 clarifies what "Director" means in § 241.4(l)(2):

> Director or district director prior to March 1, 2003, means the district director or regional service center director, unless otherwise specified. On or after March 1, 2003, pursuant to delegation from the Secretary of Homeland Security or any successive re-delegation, the terms mean, to the extent that authority has been delegated to such official: asylum office director; director, field operations; district director for interior enforcement; district director for services; *field office director*; service center director; or special agent in charge. *The terms also mean such other official, including an official in an acting capacity*, within U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, or other component of the Department of Homeland Security *who is delegated the function or authority above for a particular geographic district, region, or area*.

4

8 C.F.R. § 1.2 (emphasis added). Thus, the "Acting Field Office Director" is a "district director" for the purposes of § 241.4(l)(2) when he or she is "delegated the function or authority above for a particular geographic district, region, or area." In this case, Respondents have not provided any documentation that this delegation has occurred.

Though Petitioner's objection to Mr. Weiss's authority to revoke her OSUP might seem like a minor bureaucratic technicality, the *Accardi* doctrine requires agencies to abide by their own regulations to ensure that people are afforded with some due process protections. "[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests." *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954) ("We think the petition for habeas corpus charges the Attorney General with precisely what the regulations forbid him to do: dictating the Board's decision. [W]e object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulations."). ICE is "required to follow [its] own regulations . . . including those that govern exercises of an agency's discretion." *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021). Here, Respondents have not shown—or made *any* effort to show—that Mr. Weiss is the Acting Field Office Director and/or that the purported Acting Field Office Director has been delegated the authority to revoke Petitioner's OSUP.

### III. Informal Interview

Even if Mr. Weiss does possess the authority to revoke Petitioner's OSUP, Respondents have failed to show that Petitioner was afforded the informal interview to which she was entitled that would have given her a meaningful opportunity to respond to the reasons for the revocation. As Petitioner points out, there also is no indication that an interpreter was present, given that the appropriate space was left blank on the form. *See* dkt. 29-1. Obviously, Petitioner would be unable

to respond to the revocation if she cannot communicate in the language she is fluent in. *See, e.g.*, *Zhang v. Genalo*, 2025 WL 3733542, at *14 (E.D.N.Y. Dec. 28, 2025) (granting petitioner habeas relief when there was no evidence that petitioner had an interpreter during the informal interview following the revocation of his order of supervision because "even if an informal interview was offered or took place, there is no reliable evidence that it was conducted in a way that would have been intelligible to Zhang and provided him with a meaningful opportunity to respond to the reasons given for the revocation."). Moreover, Petitioner requested the presence of her lawyer and evidently was not given the opportunity to conduct the interview with the benefit of that assistance. Respondents cite no regulation(s) barring lawyers from informal interviews or any reason for their having denied this request. Thus, the record fails to demonstrate that the interview actually enabled Petitioner to "respond" to the reasons for the revocation in a meaningful way.

### IV. Conclusion

The Court ordered the Respondents to file documentation with the Court showing that an expressly authorized official pursuant to 8 C.F.R. § 241.4(l)(2) has revoked Petitioner's OSUP according to the process contained in that regulation, or, alternatively, to release Petitioner from detention. Dkt. 28 at 10. The Respondents responded with documentation of decisions, but Respondents' response falls short of the requirements in failing to establish that those decisions were made by an expressly authorized official or according to the regulatory process.

For these reasons, consistent with the Court's previous order, dkt. 28, the Respondents' revocation of Petitioner's order of supervision is ruled contrary to law and must be vacated. 5 U.S.C. § 706(2). Accordingly, the Court **GRANTS** Petitioner's motion to enforce the Court's previous order, dkt. [31]. The Respondents are allowed **48 hours** within which to certify that Petitioner has been released from detention subject to her most recent order (and conditions) of

supervision. The **clerk is directed** to enter **final judgment** consistent with this order and the Court's previous order.

**IT IS SO ORDERED.**

Date: 1/14/2026

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov